United States District Court
for the
Southern District of Florida

The Bancorp Bank, Plaintiff,          )
                                      )
v.                                    )
                                      )   Civil Action No. 18-60171-Civ-Scola
550 Seabreeze Development LLC          )
and JAWOF 515 Seabreeze, LLC,          )
Defendants.                           )

### Order Requiring Amended Complaint

Federal courts are obligated to conduct a preliminary examination of the record to determine that jurisdiction exists. *Kelly v. Harris,* 331 F.3d 817, 819 (11th Cir. 2003). In reviewing the record, the Court is uncertain whether it has subject matter jurisdiction over this action.

A party seeking to invoke a federal court's diversity jurisdiction must allege "facts" that show that federal subject matter jurisdiction exists. *Travaglio v. Am. Express Co.,* 735 F.3d 1266, 1268 (11th Cir. 2013). "Those allegations, when federal jurisdiction is invoked based upon diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant." *Id.*

As Plaintiff The Bancorp Bank ("Bancorp") appears to be aware, in the Eleventh Circuit, the citizenship of a limited liability company is determined, for diversity purposes, by the citizenship of all the members composing the entity. *Rolling Greens MHP v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1021–22 (11th Cir. 2004). A limited liability company is a citizen of any state of which a member is a citizen. *Id.* at 1022. To sufficiently allege the citizenship of a limited liability company, a party must list the citizenship of *all* the members of the limited liability company. *Id.*

Here, Bancorp has alleged, "[u]pon information and belief," that the members of Defendants 550 Seabreeze Development LLC and JAWOF 515 Seabreeze, LLC are citizens of Florida. Bancorp's *belief* as to the citizenship of the members of the Defendants does not qualify as a "fact" establishing jurisdiction. Instead, it relays, at most, Bancorp's mere unverified "knowledge," which is insufficient to satisfy the Court that the requirements of diversity jurisdiction have been met. *See generally*, *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1228 (11th Cir. 2017) (reminding courts that they must "make sure parties satisfy the requirements of diversity jurisdiction [and]

be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century").

Based on the allegations in the Complaint, the Court is unable to ascertain whether complete diversity exists. Accordingly, the Plaintiff must file an amended complaint which adequately alleges federal subject matter jurisdiction by **February 5, 2018**. If the Plaintiff fails to file an amended complaint by that date or the amended complaint fails to provide the facts necessary to establish jurisdiction, this Court may dismiss this case without prejudice.

**Done and ordered**, at Miami, Florida, on January 26, 2018.

Robert N. Scola, Jr.
United States District Judge