UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

CASE NO.: 18-60171-CIV-Scola

**THE BANCORP BANK**, A Delaware
Chartered banking corporation,

    Plaintiff,

v.

**550 SEABREEZE DEVELOPMENT, LLC,**
a Florida limited liability company, and
**JAWOF 515 SEABREEZE, LLC,** a Florida
Limited liability company,

    Defendants.

_____/

### MASTER PLASTER INC.'S MOTION TO INTERVENE AS PLAINTIFF AGAINST DEFENDANT 550 SEABREEZE DEVELOPMENT, LLC AND SUPPORTING MEMORANDUM OF LAW

MASTER PLASTER INC ("MPI"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 24, moves to intervene as a Plaintiff in this case.

### MOTION TO INTERVENE

1.    On or about January 25, 2018 Plaintiff filed its Complaint ("Complaint") seeking recovery against Defendants.[1] In Count I of the Amended Complaint, Plaintiff seeks to foreclose a construction loan against certain real property owned by Defendant 550 SEABREEZE DEVELOPMENT, LLC ("550 Seabreeze") on which the construction project commonly known as the Indigo Hotel/Las Olas Ocean Resort sits ("Project")[2]. The address of the property is 550 Seabreeze Boulevard, Fort Lauderdale Florida, 33313 ("Property").

---

[1]    Plaintiff subsequently amended its Complaint and on February 13, 2018, when Plaintiff filed its Amended Verified Complaint.

[2]    The Amended Complaint also seeks to foreclose on property across the street owned by Defendant JAWOF 515, but that property is not a subject of this Motion.

WEISS SEROTA HELFMAN COLE & BIERMAN, P.L.

2. In this action, the foreclosure sought by Plaintiff on the Property is purportedly justified under a mortgage and security agreement executed by Plaintiff and Defendant 550 Seabreeze.

3. On January 26, 2018, Plaintiff filed with this Court and recorded with Broward County, a lis pendens related to the foreclosure action filed in this Court (Doc.7).

4. Intervenor MPI is a subcontractor on the Las Olas Ocean Resort Project, having provided eifs, framing and stucco labor and materials to the Project.

5. At that time Plaintiff recorded its lis pendens (January 26, 2018), Intervenor MPI was owed approximately Six Hundred Twenty-Three Thousand, Eighty-Seven Dollars and Thirty-Nine Cents ($623,087.39) for labor and materials provided to the Project. However, Intervenor MPI had not recorded a construction claim of lien as of January 26, 2018.

6. Intervenor MPI remains unpaid approximately Six Hundred Twenty-Three Thousand, Eighty-Seven Dollars and Thirty-Nine Cents ($623,087.39) for labor and materials provided to the Project as of the date of this motion.

7. Florida Statute Section 48.23 (1)(d) (Florida's lis pendens statute) provides in relevant part as follows:

> (d) Except for the interest of persons in possession or easements of use, **the recording of such notice of lis pendens**, provided that during the pendency of the proceeding it has not expired pursuant to subsection (2) or been withdrawn or discharged, **constitutes a bar to the enforcement against the property described in the notice of all interests and liens,** including, but not limited to, federal tax liens and levies, **unrecorded at the time of recording the notice unless the holder of any such unrecorded interest or lien intervenes in such proceedings within 30 days after the recording of the notice. If the holder of any such unrecorded interest or lien does not intervene in the proceedings and if such proceedings are prosecuted to a judicial sale of the property described in the notice, the property shall be forever discharged from all such unrecorded interests and liens**. If the notice of lis pendens

expires or is withdrawn or discharged, the expiration, withdrawal, or discharge of the notice does not affect the validity of any unrecorded interest or lien.

(**emphasis** added)

8. Based upon the above statute, Intervenor MPI is compelled to intervene into this action and failing to do so could result in a loss of its Florida Statute Chapter 713 Construction Lien rights.

9. On February 23, 2018 MPI recorded a construction lien on the Property ("Claim of Lien") and now seeks to foreclose upon its Florida Statute Chapter 713 Construction Claim of Lien against the same real property that is the subject of this pending lawsuit.

10. The present Motion seeks intervention as matter of right[3] under Rule 24(a) of the Federal Rules of Civil Procedure based upon the application of Florida Statute Section 48.23 (1)(d).

11. Further, Intervenor MPI seeks intervention as matter of right under Rule 24(a) of the Federal Rules of Civil Procedure given the realities that Intervenor MPI's application to intervene is timely, Intervenor MPI has an interest relating to the property that is the subject of this action, Intervenor MPI is so situated that disposition of the action as a practical matter may impede or impair is ability to protect its interest, and because MPI's interest may not be adequately protected by the existing parties to this lawsuit. *See Lloyd v. Alabama Dep't of Corrections,* 176 F.3d 1336, 1339 (11th Cir. 1999).

---

[3] Although Plaintiff is diverse with both Defendants, Intervenor MPI is not. However, diversity existed at the time of Plaintiff's filing of this action, and pursuant to federal law "diversity jurisdiction, once established, is not defeated by the addition of a nondiverse party to the action…" *Freeport-McMoRan v. K N Energy*, 498 U.S. 426, 428 (1991) (holding diversity which existing at filing of the action was not defeated by subsequent addition of plaintiff, and reversing trial court's decision to the contrary).

12. Alternatively, Intervenor MPI seeks permissive intervention under Rule 24(b) because its application to intervene is timely; and its claim has a question of law or fact in common with Plaintiff's claim. *See Chiles v. Thornburgh,* 865 F.2d 1197, 1213 (11th Cir. 1989).

13. As required by Rule 24(c) of the Federal Rules of Civil Procedure, this Motion is accompanied by a pleading, attached as Exhibit "A," which sets forth Intervenor MPI's foreclosure action on its Florida Statute Chapter 713 Construction Claim of Lien, for which intervention is sought. Intervenor MPI seeks to file the attached Complaint to preserve its Florida Statute Chapter 713 Construction Lien rights.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 24 provides both for intervention as of right and for intervention by permission of the court. *Lloyd v. Alabama Dep't of Corrections,* 176 F.3d 1336, 1339 (11th Cir. 1999). Intervenor MPI is entitled to intervene in this action as a matter of right. Alternatively, this Court should allow permissive intervention.

### I. INTERVENOR IS ENTITLED TO INTERVENTION AS A MATTER OF RIGHT.

To intervene as a matter of right, the moving party must demonstrate that: 1) its application to intervene is timely, 2) it has an interest relating to the property or transaction that is the subject of the action, 3) it is so situated that disposition of the action, as a practical matter, may impede or impair its ability to protect that interest, and 4) its interest may not be adequately represented by the existing parties to the suit. *Id.* at 1339-40 (citing *Chiles v. Thornburgh,* 865 F.2d 1197, 1213 (11th Cir. 1989). If the moving party satisfies these requirements, the district court must allow intervention. *Chiles,* 865 F.2d at 1213. Here, Intervenor satisfies each requirement.

A.   **The Request To Intervene Is Timely.**

Florida Statute Section 48.23 (1)(d) (Florida's lis pendens statute) provides in relevant part as follows:

> (d)   Except for the interest of persons in possession or easements of use, **the recording of such notice of lis pendens**, provided that during the pendency of the proceeding it has not expired pursuant to subsection (2) or been withdrawn or discharged, **constitutes a bar to the enforcement against the property described in the notice of all interests and liens,** including, but not limited to, federal tax liens and levies, **unrecorded at the time of recording the notice unless the holder of any such unrecorded interest or lien intervenes in such proceedings within 30 days after the recording of the notice. If the holder of any such unrecorded interest or lien does not intervene in the proceedings and if such proceedings are prosecuted to a judicial sale of the property described in the notice, the property shall be forever discharged from all such unrecorded interests and liens**. If the notice of lis pendens expires or is withdrawn or discharged, the expiration, withdrawal, or discharge of the notice does not affect the validity of any unrecorded interest or lien.
>
> (**emphasis** added)

Plaintiff recorded is lis pendens on January 26, 2018.  This Motion to Intervene is filed within 30 days of the date Plaintiff recorded its lis pendens, as required by the above cited statute.  Thus, this motion is timely.

Further, "Timeliness is to be determined from all the circumstances." *NAACP v. New York,* 413 U.S. 345, 366 (1973). Those circumstances include "the length of time during which the would-be intervenor actually knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene" and "prejudice to all existing parties as well as the potential intervenor." *Florida Key Deer v. Brown,* 232 F.R.D. 415, 417 (S.D. Fla. 2005). Here, the case is just beginning. The Court's docket shows that Plaintiff's original complaint was filed less than a month ago on January 25, 2018 (Doc. 1). Plaintiff's amended complaint was

filed last week on February 13, 2018 (Doc. 34). The very short time between the filing of the original and/or amended complaints in this case and this Motion to Intervene cannot prejudice any party.

      **B.    Intervenor Has An Undeniable Interest In the Subject Matter Of The Action.**

A party is entitled to intervention of right "if the party's interest in the subject matter of the litigation is direct, substantial and legally protectable." *Georgian v. U.S. Army Corps of Entineers,* 302 F.3d 1242, 1257 (11th Cir. 2002). To assess the adequacy of an intervenor's interest, a court must look to the subject matter of the litigation and whether the remedies sought by the plaintiff would have a "practical effect" upon the interest of the proposed intervenor.

Here, Florida Statutes specifically mandate the Intervention. Indeed, Intervenor MPI provided labor, services, and materials for improvement of the Property that is the subject matter of this litigation. Intervenor MPI recorded a construction lien on the Property. Intervenor MPI therefor has an undoubted direct, substantial, and legally protectable interest. *See, Diaz v. S. Drilling Corp.,* 427 F.2d 1118, 1124 (5th Cir. 1970)("Interests in property are the most elementary type of right that Rule 24(a) is designed to protect."); *see also,* 7C Charles Alan Wright, et. al., Federal Practice & Procedure §1908.1 (3d ed.)("it has been recognized that 'interests in property are the most elementary type of right that Rule 24(a) is designed to protect.' Thus, many of the cases in which a sufficient interest has been found under amended Rule 24(a)(2) have been cases in which there is a readily identifiable interest in land, or some other form or property.")

It is indisputable that the remedies Plaintiffs seek in this action would have a "practical effect" on the interests of Intervenor MPI. Intervenor MPI's construction lien on the property that is the subject of this litigation would be immediately impacted by a judicial order

foreclosing on the Property. *See also, Chiles*, 865 F.2d at 1214 ("Where a party seeking to intervene in an action claims an interest in the very property and very transaction that is the subject of the main action, the potential *stare decisis* effect may supply that practical disadvantage which warrants intervention as of right.")

### C. Intervenor Is So Situated That Disposition Of The Action May Impede Or Impair Its Ability To Protect Its Interest.

The Eleventh Circuit has held that the nature of a prospective intervenor's interest is closely related to the effect that the disposition of the lawsuit will have on the intervenor's ability to protect that interest; the second issue cannot be considered without reference to the first. *Chiles,* 865 F.2d at 1214. As discussed above, it is beyond dispute that Intervenor MPI has a direct and legally protectable interest which may be adversely impacted by disposition of this case.

If this case proceeds without participation by Intervenor MPI, its interest will be forever barred based upon Florida Statute.

### D. Intervenor's Interests May Not Be Sufficiently Aligned With Defendant To Ensure Adequate Representation.

Finally, because Intervenor MPI's interests are not sufficiently aligned with either Plaintiff or Defendants, Intervenor MPI is left vulnerable and unprotected. Under Rule 24(a), only a "minimal" showing is required to establish this element of the intervention-by-right standard under Rule 23(a)(2): "Interveners need only show that the current [party's] representation 'may be inadequate' … and the burden for making such a showing is 'minimal.'" *Stone v. First Union Corp.,* 371 F.2d 1305, 1311 (11th Cir. 2004); *see also, Clark v. Putnam Cnty.,* 168 F.3d 458, 461 (11th Cir 1999)("The requirement of the Rule is satisfied if the applicant shows that representation of his interest "may be" inadequate; and the burden of making that showing should be treated as minimal.'")

Here, it is readily apparent that Intervenor MPI's interests 'may be' inadequately represented by the existing parties to the case. While Defendants may generally defend against foreclosure of the property, given the monetary damages Defendants are exposed to (more than $37,000,000.00) Defendants may simply declare bankruptcy and allow the property to be disposed of via bankruptcy proceedings (inadequately protecting Intervenor's interest), or allow the Proper to be foreclosed upon (inadequately protecting Intervenor's interest). Defendant's likely indifference to keeping the property and paying its debts exists in stark contrast to Intervenor's interest in *not* having the properties foreclosed on so that Intervenor's construction lien remains attached to the property, highlighting the inadequacy of Defendants' representation.

## II. ALTERNATIVELY, THIS COURT SHOULD GRANT INTERVENTION BY PERMISSION.

Though Intervenor MPI believes its right to intervention is as a matter of right based upon the provision of Florida Statutes cited above, should this Court conclude that Intervenor MPI is not entitled to intervene as of right, the Court should nevertheless grant intervention by permission. A party seeking permissive intervention under Rule 24(b) must show two things: "1) that is application to intervene is timely; and 2) his claim or defense and the main action have a question of law or fact in common." *Chiles v. Thornburgh,* 865 F.2d 1197, 1213 (11th Cir. 1989). Intervenor easily meets these criteria. As discussed above Intervenor's motion to intervene was filed expediently (within 30 days) after this case was filed. Its prosecution has a question of fact and law in common with the main action – Plaintiff and Intervenor both seek to establish their respective interests in the Property. Should the Court be inclined to deny intervention as matter of right, it should grant permissive intervention.

**WHEREFORE,** MASTER PLASTER INC. respectfully requests entry of an Order granting it status as an intervening Plaintiff, in addition to such further relief the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of February, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to CM/ECF registrants as listed on the Service List below.

Respectfully submitted,

**WEISS SEROTA HELFMAN COLE & BIERMAN, P.L.**
*Attorneys for Intervenor, Master Plaster, Inc..*
200 East Broward Blvd., Suite 1900
Fort Lauderdale, FL 33301
Telephone: (954) 763-4242
Telecopier: (954) 764-7770

By: /s/ *Michael J Kurzman*
    **MICHAEL J. KURZMAN**
    Florida Bar No. 814342
    Primary: mkurzman@wsh-law.com
    Secondary: dmurphy@wsh-law.com
    **DAVID B WILLIAMS, JR.**
    Florida Bar No. 92149
    Primary: dwilliams@wsh-law.com
    Secondary: imunoz@wsh-law.com

## Service List

| | |
|---|---|
| **Jennifer Olmedo-Rodriguez, Esq.**<br>Buchanan Ingersoll<br>100 SE 2nd Street, 35th Floor<br>Miami, FL  33131-2320<br>Telephone: 305-347-4080<br>Fax: 305-347-4089<br>*Attorneys for 550 Seabreeze Development, LLC*<br>Jennifer.olmedo-rodriguez@bipc.com | **Peter E. Shapiro, Esq.**<br>Shapiro Law<br>1351 Sawgrass Corporate Parkway<br>Fort Lauderdale, FL  33323<br>Telephone:  954-317-0133<br>Fax:  954-742-9971<br>*Attorneys for 550 Seabreeze Development, LLC*<br>pshapiro@shapirolawpa.com |
| **Niall Torrence McLachlan, Esq.**<br>Carlton Fields<br>100 SE 2nd Street, Suite 4000<br>P.O. Box 019101<br>Miami, FL  33131-9101<br>Telephone:  305-530-4063<br>Fax:  305-530-0055<br>*Attorneys for JAWOF 515 Seabreeze, LLC*<br>nmclachlan@carltonfields.com | **Thomas Meeks, Esq.**<br>Carlton Fields<br>100 SE 2nd Street<br>Suite 4200 – Miami Tower<br>Miami, FL  33131-9101<br>Telephone:  305-530-4063<br>Fax:  305-530-0055<br>*Attorneys for JAWOF 515 Seabreeze, LLC*<br>tmeeks@carltonfields.com |
| **Mark Joseph Wolfson, Esq.**<br>Foley & Lardner<br>100 N. Tampa Street, Suite 2700<br>P.O. Box 3391<br>Tampa, FL  33601-3391<br>Telephone:  813-229-2300<br>Fax:  813-221-4210<br>*Attorney for The Bancorp Bank*<br>mwolfson@foley.com | **Ralf R. Rodriguez, Esq.**<br>Foley & Lardner, LLP<br>One Biscayne Tower<br>Two South Biscayne Blvd., Suite 1900<br>Miami, FL  33131<br>Telephone:  305-482-8400<br>Fax: 305-482-8600<br>*Attorneys for the Bancorp Bank*<br>rrrodriguez@foley.com |