UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

**OCEAN HOTEL LENDER, LLC,**
a Delaware limited liability company,

      Plaintiff,

vs.

**550 SEABREEZE DEVELOPMENT LLC**,
a Florida limited liability company, and
**JAWOF 515 SEABREEZE, LLC**,
a Florida limited liability company,

      Defendants.            /

Case No. 18-60171-Civ-Scola

## PLAINTIFF'S NOTICE OF SETTLEMENT AND UNOPPOSED
## MOTION FOR ENTRY OF CONSENT FINAL JUDGMENT OF FORECLOSURE

Plaintiff, Ocean Hotel Lender, LLC, a Delaware limited liability company ("Plaintiff"), hereby provides notice that Plaintiff and Defendant, JAWOF 515 Seabreeze, LLC, a Florida limited liability company ("JAWOF"), have entered into a formal written Settlement Agreement, pursuant to which the parties have agreed to the entry of a consent final judgment of foreclosure in the form of the attached **Exhibit A**. On account of the settlement, Plaintiff requests that the Court enter the consent final judgment of foreclosure. In support, Plaintiff states as follows.

### I.     INTRODUCTION

Plaintiff, the owner and holder of the subject loan documents, is entitled to the entry of a consent final judgment of foreclosure, pursuant to a settlement agreement with the mortgagor, JAWOF. JAWOF has reviewed and approved the proposed final judgment of foreclosure and its counsel has advised the undersigned that JAWOF has no objection to its entry.

MIAMI 6272768.2 83491/86034

Case No. 18-60171-Civ-Scola

## II.     PERTINENT BACKGROUND

1. This is an action for commercial foreclosure and other relief relating to a loan in the original principal amount of $50,000,000 that is in default for, among other things, nonpayment of amounts due under the loan documents.

### A. This Lawsuit

2. The original lender, The Bancorp Bank ("Bancorp"), filed this lawsuit on January 25, 2018. Its Verified Complaint (Doc. 1) contained causes of action to (a) foreclose a mortgage and other security interests upon real and personal property pledged by JAWOF and Defendant, 550 Seabreeze Development, LLC, a Florida limited liability company ("550 Seabreeze") as collateral for the subject loan ("Loan"), and (b) to enforce the promissory note given by 550 Seabreeze as evidence of the Loan.

3. One day after the lawsuit was filed, the Court entered an order requiring Bancorp to file an amended complaint to adequately allege federal subject matter jurisdiction. Bancorp filed its Amended Verified Complaint (Doc. 34) on February 13, 2018, which adequately alleges federal subject matter jurisdiction.

4. Less than two weeks after Bancorp filed the Amended Verified Complaint, 550 Seabreeze filed a suggestion of bankruptcy (Doc. 49). The bankruptcy matter is styled *In re 550 Seabreeze Development, LLC*, United States Bankruptcy Court for the Southern District of Florida, Case No. 18-12193-RBR ("Bankruptcy Case").

Case No. 18-60171-Civ-Scola

5. On account of 550 Seabreeze's suggestion of bankruptcy, this Court entered an order (Docs. 50-51) staying the above-captioned case and instructing Bancorp to notify the Court if it decided to proceed with the portion of the case against JAWOF.

6. On or about June 30, 2018, Bancorp sold the subject loan to Plaintiff. The Court granted Plaintiff's Motion to Substitute Plaintiff and Counsel for Plaintiff (Doc. 54) on July 16, 2018.

7. On or about August 23, 2019, 550 Seabreeze sold its primary asset, which was the partially completed 12-story resort hotel located at 550 Seabreeze Blvd., in Fort Lauderdale, that is referred to in the Amended Complaint as the "550 Parcel." The Bankruptcy Court later approved an interim distribution of net sales proceeds to Plaintiff in the amount of $34,004,547.39, which is well below the total amount owed to Plaintiff under the Loan.

8. On September 21, 2018, Plaintiff filed a status report and notice of its intent to proceed with the portion of the case against JAWOF (but not against 550 Seabreeze).

9. On October 16, 2018, Plaintiff filed an unopposed motion for leave to file a second amended complaint (Doc. 64). The Second Amended Complaint alleges claims for mortgage foreclosure and enforcement of collateral assignments against JAWOF.

### B. The Settlement Agreement

10. On January 28, 2019, Plaintiff, JAWOF, and others entered into a formal written Settlement Agreement, subject in all respects to the approval of the Bankruptcy Court pursuant to Fed. R. Bankr. P. 9019 and which becomes effective upon the Bankruptcy Court's entry of an

Case No. 18-60171-Civ-Scola

order approving the Settlement Agreement and providing for the dismissal with prejudice of a separate lawsuit known as the "Marshaling Lawsuit"[1]:

> This Settlement Agreement is subject in all respects to approval by the Bankruptcy Court pursuant to Fed. R. Bankr. P. 9019. The Parties acknowledge and agree that this Settlement Agreement shall become effective on…the date upon which an order by the Bankruptcy Court pursuant to Rule 9019…approving this Settlement and providing for dismissal with prejudice of the Marshaling Lawsuit becomes a Final Order….

Settlement Agreement ¶ 12.

11. The Settlement Agreement defines "Final Order" to mean:

> [T]he date such Approval Order shall have become final and non-appealable without having been vacated, modified, or stayed and the period for filing any motions seeking reconsideration or rehearing shall have expired without any such motion having been filed or, if filed, such motion shall have been denied, and the period for the filing of any appeal shall have expired without any appeal having been filed, or, if an appeal was filed, such appeal shall have been disposed of without modification or vacatur of the Order and without further opportunity for appeal."

Settlement Agreement ¶ 12.

12. Thus, under the terms of the Settlement Agreement, the order approving the Settlement Agreement becomes a Final Order upon the expiration of the timeframes set forth in Federal Rules of Bankruptcy Procedure 8002 (requiring notice of appeal to be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed) and 9023 (requiring a motion to alter or amend a judgment to be served no later than 14 days after

---

[1] The Marshaling Lawsuit is an adversary proceeding filed in the Bankruptcy Case by third parties seeking to marshal JAWOF's assets and compel Plaintiff to satisfy its claim against JAWOF out of the marshaled assets before looking to satisfy the claim from the remaining proceeds of the sale of the 550 Parcel.

Case No. 18-60171-Civ-Scola

entry of the judgment)[2] if no motion to alter or amend the Approval Order nor appeal is timely filed.

13. The Settlement Agreement further states that JAWOF agrees pay Plaintiff the sum of $2,000,000 by June 30, 2019, and further agrees to secure that payment through the immediate entry of a consent final judgment with a foreclosure sale date of August 5, 2019, or the first judicially available date thereafter:

> On or before June 30, 2019 ("515 Payment Deadline"), [JAWOF] shall pay, or cause to be paid, to [Plaintiff] the sum of $2,000,000 (the "515 Payment"). To secure the obligation of [JAWOF] to make the 515 payment, [JAWOF] hereby consents to the immediate entry of a consent final judgment in [the above-captioned lawsuit] in favor of [Plaintiff] on all claims alleged in the operative complaint in the amount of $2,000,000 (the "Consent Judgment") in a form acceptable to [Plaintiff]. Upon the Settlement Effective Date, [Plaintiff] is authorized to take all steps necessary to seek entry of the Consent Judgment [and] seek to have it recorded against the 515 Property.[3]

Settlement Agreement ¶ 6.

14. On March 1, 2019, this Court entered an order granting Plaintiff's motion for leave to file the Second Amended Complaint (Doc. 65). Plaintiff filed its Second Amended Complaint that same day.

---

[2] Pursuant to Fed. R. Civ. P. 54(a) as made applicable to the underlying dispute and the approval of the Settlement Agreement by Fed. R. Bankr. P. 7054(a) and Fed. R. Bankr. 9014, the entry of any appealable order is considered entry of a judgment for purposes of the rules, including or purposes of Fed. R. Bankr. P. 9023.

[3] Paragraph 6 of the Settlement Agreement also states that "[Plaintiff] and [JAWOF] hereby agree that [Plaintiff] is entitled to amend the Consent Judgment to include attorney's fees and costs, if any, incurred by [Plaintiff] in enforcing the Settlement Agreement or executing upon the Consent Judgment as a result of objections or actions in violation of this Settlement Agreement by [JAWOF]. [JAWOF] hereby agrees that it shall not directly or indirectly seek to cancel, postpone, or delay the foreclosure sale for any reason, without [Plaintiff]'s prior written consent."

MIAMI 6272768.2 83491/86034

5

Case No. 18-60171-Civ-Scola

15.     Also on March 1, 2019, the Bankruptcy Court signed an order granting 550 Seabreeze's motion to approve the Settlement Agreement ("Approval Order").  The Approval Order was entered on March 4, 2019.  *See* Fed. R. Bankr. P. 5003 & 9021.  A copy of the Approval Order is attached as **Exhibit B**.  The Approval Order approves the Settlement Agreement and provides for the dismissal with prejudice of the Marshaling Lawsuit.

### III.    LEGAL DISCUSSION

16.     Plaintiff is entitled to the entry of the Consent Final Judgment pursuant to the Settlement Agreement.

17.     The Approval Order became a Final Order on March 18, 2019, as no motion to alter or amend the Approval Order, nor any notice of appeal, was filed.  *See* Fed. R. Bankr. P. 8002 (notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed) and Fed. R. Bankr. P. 9023 (motion to alter or amend a judgment must be served no later than 14 days after entry); *see also*; *In re Daughtrey*, 896 F.3d 1255, 1280 (11th Cir. 2018) (motion for "reconsideration" in bankruptcy court refers to a motion pursuant to Fed. R. Bankr. P. 9023, which is analogous to Fed. R. Civ. P. 59); *In re Poff*, 344 Fed. Appx. 523, 524 n.1 (11th Cir. 2009) (same, but applying 10-day deadline under prior rules).

18.     Accordingly, Settlement Agreement is effective, and JAWOF is bound by its terms.

19.     Pursuant to the Settlement Agreement, JAWOF agreed to the immediate entry of a consent final judgment of foreclosure on the claims alleged in the Second Amended Complaint. *See, supra,* ¶ 12, p. 4 ("To secure the obligation of [JAWOF] to make the 515 payment,

Case No. 18-60171-Civ-Scola

[JAWOF] hereby consents to the immediate entry of a consent final judgment…in favor of [Plaintiff] on all claims alleged in the operative complaint in the amount of $2,000,000….").

20.     JAWOF's attorney has advised the undersigned that JAWOF approves of the Consent Final Judgment and does not oppose the granting of this motion or entry of the Consent Final Judgment.

## IV.     CONCLUSION

On account of the foregoing, Plaintiff respectfully requests that the Court enter an order granting this motion, enter a consent final judgment of foreclosure in the form of Exhibit A, and afford Plaintiff such other relief as is just and proper.

### LOCAL RULE 7.1(A)(3) CERTIFICATION

The undersigned counsel for the movant has conferred with all parties or nonparties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been advised by Niall McLachlan, as counsel for Defendant, JAWOF 515 Seabreeze, LLC, by email on March 21, 2019, that there is no opposition to the motion or entry of the Consent Final Judgment.

MIAMI 6272768.2 83491/86034

Case No. 18-60171-Civ-Scola

Respectfully submitted,

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
*Attorneys for Plaintiff*
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131-3456
Telephone: (305) 374-7580
Facsimile: (305) 374-7593

By: */s/ Michael E. Strauch*
    **MICHAEL N. KREITZER**
    Florida Bar No. 705561
    mkreitzer@bilzin.com
    mavin@bilzin.com
    eservice@bilzin.com
    **JEFFREY I. SNYDER**
    Florida Bar No. 21281
    jsnyder@bilzin.com
    yrivadulla@bilzin.com
    eservice@bilzin.com
    **MICHAEL E. STRAUCH**
    Florida Bar No. 13988
    mstrauch@bilzin.com
    laparicio@bilzin.com
    eservice@bilzin.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2019, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record by transmission of notices of electronic filing generated by CM/ECF.

By: */s/ Michael E. Strauch*

MIAMI 6272768.2 83491/86034